IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.                                                    NO. 2:26-CR-002-Z (01)

JUAN LUIS SOTO-MORALES

## FACTUAL RESUME

In support of Juan Luis Soto-Morales's plea of guilty to the offense in Count

Three of the Indictment, Soto-Morales, the defendant, C.J. McElroy, the defendant's

attorney, and the United States of America (the government) stipulate and agree to the

following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count Three of the Indictment, charging a

violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(A)(i), that is, Possession of

Firearms in Furtherance of a Drug Trafficking Crime, the government must prove each of

the following elements beyond a reasonable doubt:[1]

*First.*      That the defendant committed the crime alleged in Count One; and

*Second.*    That the defendant knowingly possessed a firearm, and that possession
was in furtherance of the defendant's commission of the crime charged
in Count One.

To prove the defendant possessed a firearm "in furtherance" of the drug-
trafficking crime, the government must prove that the defendant's possession of the
firearm furthered, advanced, or helped forward that crime.

---

[1] Fifth Circuit Pattern Jury Instruction 2.44B (5th Cir. 2024 ed.).

**Juan Luis Soto-Morales**
**Factual Resume—Page 1**

To prove Possession with Intent to Distribute Cocaine, the government must prove each of the following elements beyond a reasonable doubt:[2]

*First*:       That the defendant knowingly possessed a controlled substance;

*Second*:    That the substance was in fact Cocaine; and

*Third*:      That the defendant possessed the substance with the intent to distribute it.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

## STIPULATED FACTS

1.     Juan Luis Soto-Morales admits and agrees that on or about December 17, 2025, in the Amarillo Division of the Northern District of Texas, and elsewhere, he did knowingly possess firearms, to wit: a Canik, model 55, 9mm semi-automatic pistol, serial number 13E01500; and a Diamondback, model DB15, .223 caliber rifle, serial number DB2913227, in furtherance of a drug trafficking crime, that is, Possession with Intent to Distribute Cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), an offense for which he may be prosecuted in a court of the United States, in violation of Title 18, United States Code, Section 924(c)(1)(A), the penalty for which is found in Title 18, United States Code, Section 924(c)(1)(A)(i).

2.     On December 15, 2025, Amarillo Police Department (APD) officers attempted a traffic stop of a white Dodge Durango on the east side of Amarillo.  The

---

[2]Fifth Circuit Pattern Jury Instruction 2.95A (5th Cir. 2024 ed.).

**Juan Luis Soto-Morales**
**Factual Resume—Page 2**

vehicle fled twice from officers on that date.  Officers called off the pursuit due to the dangerous driving of the suspect, Juan Luis Soto-Morales.

3.      On December 17, 2025, APD officers observed Juan Luis Soto-Morales driving a black Nissan Versa registered to Soto-Morales's wife.  Officers followed the vehicle to the Soto-Morales's apartment, located at 3001 SW 58th #2407, Amarillo, Texas.  Soto-Morales went inside the apartment.  Officers formed a perimeter around the residence.  Soto-Morales's wife arrived at the residence and contacted  the officers.  She confirmed that Soto-Morales was inside the residence with their one-year-old son.

4.      Officers observed Soto-Morales open the back door of the residence.  The officers ordered Soto-Morales to put his hands up.  One of the officers saw Soto-Morales throw something through the back door to inside the apartment.  Soto-Morales was placed in handcuffs and escorted to a police car.

5.      Officers allowed Soto-Morales's wife into the residence to retrieve the child.  An officer requested consent to search the apartment for firearms.  Soto-Morales's wife consented to a search of the apartment.

6.      During a search of the residence, officers located a Canik, model 55, 9mm semi-automatic pistol, serial number 13E01500, and a Diamondback, model DB15, .223 caliber rifle, serial number DB2913227, in the master bedroom.  Officers also located multiple baggies of cocaine in the bedroom near the firearms.  Officers located additional cocaine in the kitchen.  In total, officers located 238 gross grams of cocaine.  Officers also located a digital scale by the back door of the residence.  Soto-Morales's wife confirmed that the firearms and cocaine belonged to Soto-Morales.

**Juan Luis Soto-Morales**
**Factual Resume—Page 3**

7.      An officer conducted an interview with Soto-Morales.  The officer read Soto-Morales his *Miranda* warnings.  Soto-Morales waived his rights and agreed to make a statement.  During the interview, Soto-Morales admitted that both firearms belonged to him.  He described them as a pistol and an AR.  He stated that the cocaine was in a bunch of little baggies.  Soto-Morales stated that he was getting rid of the cocaine.  When asked about the digital scale, Soto-Morales claimed that he used to scale to weigh drugs so he doesn't overdose.  He admitted that he was going to throw the scale out the back door.  Soto-Morales admitted to fleeing from police two nights prior because he had a warrant for his arrest.

8.      The suspected cocaine seized from the residence was sent to the DEA South Central Laboratory.  The DEA Laboratory confirmed that the substance was, in fact, cocaine, a Schedule II controlled substance.  The substance had a total net weight of 227 grams.  This amount of cocaine is consistent with distribution, as opposed to someone's personal use.

9.      The firearms found in Soto-Morales's residence were in close proximity to the baggies of cocaine.  Soto-Morales admits that he knowingly possessed the firearms and that possession was in furtherance of his commission of the crime of possession with intent to distribute cocaine.  That is, the firearms furthered, advanced, or helped forward the possession with intent to distribute cocaine because they could be used to protect the cocaine and any proceeds from the sale of that cocaine.

10.     The defendant agrees that the defendant committed all the essential elements of the offense.  This factual resume is not intended to be a complete accounting

**Juan Luis Soto-Morales**
**Factual Resume—Page 4**

of all the facts and events related to the offense charged in this case.  The limited purpose

of this statement of facts is to demonstrate that a factual basis exists to support the

defendant's guilty plea to Count Three of the Indictment.

AGREED TO AND STIPULATED on this 18th day of February, 2026.

RYAN RAYBOULD
UNITED STATES ATTORNEY

_____
Juan Luis Soto-Morales
Defendant

_____
C.J. McElroy
Attorney for Defendant

_____
Interpreter

ANNA MARIE BELL
Assistant United States Attorney
New Mexico State Bar Number 12501
500 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Tel:  806-324-2356
Fax:  806-324-2399
Email:  anna.bell@usdoj.gov

**Juan Luis Soto-Morales**
**Factual Resume—Page 5**